## ECCO MFG. CO. v. NELSON TIMER CO.
### et al.

(Circuit Court of Appeals, Seventh Circuit.
March 10, 1926. Rehearing Denied
April 26, 1926.)

No. 3657.

Patents ⬤⟿328—Robinson patent No. 888,195,
for timer held not infringed.

The Robinson patent, No. 888,195, for a
timer construed narrowly, as it must be, in
view of the prior art, held not infringed by the
structure of Lehman patent, No. 1,054,219.

Appeal from the District Court of the
United States for the Eastern District of
Wisconsin.

Suit in equity by the Ecco Manufacturing
Company against the Nelson Timer Compa-
ny and Oscar E. Schwemer, receiver. Decree
for defendants, and complainant appeals.
Affirmed in part, and reversed in part.

Arthur L. Morsell, of Milwaukee, Wis.,
for appellant.

John J. Krizek, of Milwaukee, Wis., for
appellees.

Before ALSCHULER, PAGE, and AN-
DERSON, Circuit Judges.

PAGE, Circuit Judge. The District
Court found against appellant, called plain-
tiff, in its suit on claim 1 of Lehman patent,
No. 1,054,219, applied for April 23, 1908,
and issued February 25, 1913, and found for
appellees, called defendants, on counterclaim
on claim 1 of Robinson patent No. 888,195,
application filed August 24, 1907, patent is-
sued May 19, 1908.

Originally, all of the claims of the Robin-
son application were rejected on the British
patent to De Veulle, No. 17,286, of 1905, in
view of No. 808,554 to Le Pontois on Decem-
ber 26, 1905, the examiner saying:

"To employ the roller and arm 46 of Le
Pontois in connection with the ring H of De
Veulle is without invention."

Le Pontois, applied for in 1904 and is-
sued on December 26, 1905, and Varley, No.
861,921, applied for November 3, 1906, and
issued July 30, 1907, used the identical roller
and yoke, or arm, used by Robinson, with the
exception that they carried the roller on the
end of the arm and attached the arm at its
middle to the center post, whereas Robinson
carried his roller in the middle of the arm
and attached the end of the arm to the center
post. Further amendments were made, and
the applicant pointed out to the examiner
that he claimed, specifically, a ring, 21, hav-
ing smooth inner and outer faces, and said:

"By this construction the ring has a
smooth periphery and is given a slip so that
the points of the contacts may contact with
any part of the periphery of the ring, which
is impossible in the reference."

This slipping feature and its purposes
are set out at lines 71 to 75 of the specifica-
tion. The words "having smooth inner and
outer faces" were inserted in all four of the
claims of the Robinson patent, and, after
some further suggestions, the two claims of
the patent were allowed.

In the British patent, Hamilton, No. 13,-
651, antedating in application and issue the
Robinson patent, there is a ring G, having
smooth inner and outer surfaces arranged
loosely upon the eccentric F and concentric-
ally with F, and there appears to be no dif-
ference between that ring and the ring 21 in
Robinson. Robinson was not in any sense a
pioneer. He took the Hamilton ring G, the
Varley and the Le Pontois yoke, or arm, and
roller, and the old casing and binder posts,
with the old conducting contact pieces, used
by many. His patent was only allowed after
inserting as an element the words:

"A ring (21) having smooth inner and
outer faces, located between the roller and
the wall of the hollow casing."

The Lehman patent had even a more dif-
ficult passage through the Patent Office.
While to our minds there is quite an obvious
difference between the effect of the use of
ball bearings as Lehman sought to use them,
between two moving parts, and the use of
them between a stationary part and a moving
part, as they appeared in the latter form
quite frequently in the prior art, yet the
Patent Office was not able to see any such
difference, and rejected all claims made by
Lehman based upon the ball bearing feature,
except that covered by claim 2, not here in
question.

While 29 of the Lehman patent has ring
G of the Hamilton Patent and 21 of the Rob-
inson patent, and while 29 and 30 of the
Lehman patent are concentric to each other,
as were rings F and G of the Hamilton pat-
ent, and though we concede that the ball
bearings as used were rightfully rejected as
having no novelty, and that all of the ele-
ments in Lehman are old, yet Lehman used
neither the roller nor the yoke, or arm, of
Robinson. The District Court found that
that which Lehman used was obviously an
equivalent of the Robinson device, and that
their use by Lehman constituted infringe-
ment.

We are of opinion that Robinson's patent
was so narrow that he is not entitled to such

a range of equivalents as will enable him to say that the Lehman uses constitute infringement. In addition, what all the workers in that field were trying to get away from was friction that produced wearing of the contacting parts of the timer. While Robinson was trying to accomplish that thing and did make some progress, yet, speaking of this contact between his ring 21 and the contact pieces 10, he said:

"As the ring is of less diameter than the wall of the chamber wherein it moves, and also *slips* slightly, practically a new contact surface is presented to the pieces 10 with each revolution of the sleeve, preventing pitting or wear of the ring," etc. (Italics ours.)

It appears that in the operation of the Robinson timer there is a slipping of the ring 21 and a jumping of the ring as it passes over the contact pieces 10. While the Robinson claims are not limited to the extended pieces 10, yet the jumping and the slipping appear to be defects in the operation of his timer, and the slipping is not at all necessary to change the contacting points between the outer surface of the ring 21 and the pieces 10, because change in the point of contact necessarily follows from the fact that the outer circumference of 21 is smaller than the circumference of the track around which it moves. In the Lehman patent the slipping is done away with, and there is, throughout its action, that true rolling motion, as claimed, that is continuous, wherein and whereby the slipping is eliminated and the friction decreased. Lehman made an advance over Robinson, and we are of opinion that there is no infringement by one patent of the other.

The decree is affirmed as to the dismissal of the bill, and reversed as to the counterclaim, with directions to dismiss it.